UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MRC INDUSTRIES, INC.
d/b/a Mason Medical Products,

                    Plaintiff,

                    **REPORT AND**
                    **RECOMMENDATION**

      -against-

                    CV 06-3633 (JS)(WDW)

GLOBAL THERAPY SYSTEMS, LLC,

                    Defendant.
----------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with respect to whether a default judgment should enter and if so, the relief to be awarded. Plaintiff MRC Industries, Inc. ("MRC Industries"), seeks an order entering default against defendant Global Therapy Systems, LLC ("Global Therapy Systems"), and entering final judgment in the amount of $85,571.02, together with pre-judgment and post-judgment interest and costs of suit. The undersigned recommends that default judgment enter, and further recommends that the plaintiff be awarded the amount sought, including interest and costs.

## BACKGROUND

      The plaintiff initiated this action, on or about July 25, 2006, alleging causes of action for breach of contract, quantum meruit, and account stated as a result of defendant's failure to pay $85,571.02 for goods sold and delivered to defendant. Complaint, Docket Entry ("DE") [1]. Plaintiff had agreed to sell, and defendant had agreed to purchase, sixty-nine power air

1

mattresses and equipment for the above-stated amount, including shipping costs and expenses. *Id.* By order dated July 11, 2007, Judge Seybert denied plaintiff's pre-answer motion to dismiss or to transfer venue based on forum non conveniens. Order, DE [20]. By order dated September 11, 2007, defendant's counsels' motion for leave to withdraw was granted. Order, DE [27].

On November 20, 2007, the undersigned issued an order advising defendant that, as a corporation, it could not proceed *pro se*. Order, DE [28]. The order further allowed the corporate defendant a final opportunity to retain new counsel, and warned that defendant's answer would be stricken if new counsel was not retained by January 11, 2008. *Id*. In a report and recommendation dated March 7, 2008, the undersigned recommended that defendant's answer be stricken, as a notice of appearance had not been filed by the imposed deadline, and defendant had not retained new counsel or contacted the court in any way. Report and Recommendation, DE [30]. By order dated April 8, 2008, Judge Seybert adopted the undersigned's report and recommendation. Order Adopting Report and Recommendation, DE [31]. On February 13, 2009, MRC Industries moved for entry of default against Global Therapy Systems. Motion, DE [34]. By order dated March 25, 2009, Judge Seybert referred the matter to the undersigned for a report and recommendation on whether the pending motion should be granted, and to determine the appropriate amount, if any, of damages, costs, and/or fees. Order of Referral, DE [44].

## DISCUSSION

Entry of a default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. City of New York*, 1990 U.S.

Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Defendant was warned that as a corporation, it could not proceed *pro se*, and was given the opportunity to retain new counsel. Despite this warning, Global Therapy Systems has neither retained new counsel nor contacted the court. As it did not retain new counsel as directed, Global Therapy Systems is an unresponsive party, and thus, the undersigned recommends that a default judgment be entered.

"It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F. 3d 105, 108 (2d. Cir 1997). As a result of defendant's default, the following facts in the complaint are deemed admitted. The parties entered a contract, under which plaintiff agreed to sell and deliver sixty-nine air mattresses and equipment to defendant. Compl. at ¶ 6, DE [1]. Defendant agreed to pay the contract price, shipping costs, and expenses within 60 days of delivery, according to plaintiff's invoices. *Id.* Defendant accepted the goods, failed to timely reject or object to the goods, and did not notify plaintiff of any defects. *Id.* at ¶ 8. The contract price of the goods is $85,571.02, including shipping costs and expenses. *Id.* at ¶ 9. Invoices were delivered to defendant, reflecting the contract price due and defendant did not object to or dispute this amount. *Id.* at ¶¶ 10, 11. The defendant has failed to pay any amount due to plaintiff, despite demands made. *Id.* at ¶ 12. Plaintiff's complaint alleges causes of action for breach of contract, quantum meruit, and account stated, which the court will consider in turn.

Plaintiff's complaint clearly sets forth facts which, if true, establish plaintiff's claim for breach of contract. "Under New York Law, a plaintiff must prove four elements to prevail on a breach of contract claim: '(1) the making of a contract, (2) plaintiff's performance of the contract, (3) defendant's breach of the contract and (4) damages suffered by the plaintiff.'" *Eastman Kodak Co. v. STWB Inc.,* 232 F. Supp. 2d 74, 91 (S.D.N.Y. 2002) (citation omitted). Plaintiff alleges a contract was entered into, under which plaintiff agreed to sell, and defendant agreed to purchase, power air mattresses and equipment. Plaintiff further alleges the goods were delivered, and defendant did not reject, object, or pay for the goods. Based on the uncontroverted evidence, defendant failed to perform as promised. As such, plaintiff has stated a cause of action for breach of contract.

In addition, plaintiff's complaint clearly sets forth facts which, if true, establish plaintiff's claim for account stated. "As a general rule, where an account is made up and rendered ... [and] the party receiving it ... makes no objection within a reasonable time, his silence will be construed into an acquiescence in its justness, and he will be bound by it as if it were a stated account." *See Tom Rice Buick-Pontiac v. General Motors Corp*., 551 F.3d 149, 157 (2d Cir. 2008) (quoting *Rodkinson v. Haecker,* 248 N.Y. 480, 485 (1928)). Plaintiff alleges the defendant was delivered invoices reflecting a total account balance and sum due of $85,571.02. Plaintiff further alleges that defendant accepted the invoices, did not object or dispute the amounts of the invoices, and did not pay any portion due after demand. Based on the uncontroverted evidence, defendant failed to object within a reasonable time. As such, plaintiff has stated a cause of action for account stated.

Although plaintiff has established causes of action for breach of contract and account stated, plaintiff's complaint does not set forth facts which, if true, establish plaintiff's claim for quantum meruit. A valid and enforceable written contract governing a particular subject matter usually prevents recovery in quasi-contract for events resulting from that same subject matter. *See Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.,* 70 N.Y.2d 382, 388 (1987) (citation omitted). Therefore, a party cannot seek damages as a result of a written contract under which it fully performed where the scope of the agreement covers the dispute. *See id.* Here, a valid written agreement existed regarding the scope of the present dispute, and plaintiff fully performed its obligation under this agreement. As a result, the plaintiff has not stated a cause of action for quantum meruit.

Plaintiff seeks judgment in the amount of $85,571.02, costs and disbursements, as well as pre- and post-judgment interest and costs of suit. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine,* 109 F.3d at 111(citations omitted). Here, the

5

documentary evidence submitted by the plaintiff supports the damages sought. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

In support of its damages claim, plaintiff has provided the declaration of Brian Goldstein, MRC Industries' Vice President of Sales and Marketing. See Motion, DE [34], Ex. H. Within the declaration, Goldstein declares that defendant agreed to purchases power air mattresses and equipment for the contract price of $85,571.02, together with costs and expenses of delivery, according to plaintiff's invoices. *See id.* at ¶2. Goldstein further declares that the goods were delivered, defendant did not reject or object to the goods, and defendant did not pay plaintiff the amount due under the six issued invoices despite demands for payment. *See id.* at ¶3, 4, 6, 8. Additionally, plaintiff has provided invoices issued to defendant Global Therapy Systems regarding the sale agreement. See Motion, DE [34], Ex. A. The court finds this to be sufficient proof of damages, and recommends that the plaintiff be awarded $85,571.02. The undersigned further recommends that the plaintiff be awarded pre- and post-judgment interest.

In an action to recover damages for breach of contract, pre-judgment interest is awarded pursuant to N.Y. C.P.L.R. § 5001. *See Baer v. Anesthesia Assoc. of Mount Kisco*, 57 A.D.3d 817, 819 (2d Dep't 2008) (citation omitted). New York law provides for the recovery of pre-judgment interest computed "from the earliest ascertainable date the cause of action existed." N.Y. C.R.L.R. § 5001(b). The parties agreed payment would be made within 60 days after delivery of the goods. Therefore, the court finds the cause of action existed on August 2, 2006, 60 days after final delivery of the goods on June 2, 2006. Relying on New York law, plaintiff is entitled to simple interest at New York's statutory rate of 9%. *See* N.Y. C.P.L.R. § 5004. Thus,

the court recommends an award of pre-judgment interest from August 2, 2006 forward at the rate of 9%.

Additionally, under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). As an award of post-judgment interest is mandatory, *see Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (citation omitted), the court recommends an award of such interest at the statutory rate prescribed by 28 U.S.C. § 1961(a).

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, plaintiff is entitled to costs other than attorney's fees. Although plaintiff does not seek specific costs, the court finds it is entitled to recover the $350.00 filing fee as a cost.

In sum, the undersigned recommends that plaintiff be awarded the principal amount of $85,571.02, both pre- and post-judgment interest, and costs in the amount of $350.00.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 15, 2009

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge